**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DENIA ANDERSON,

      CASE NUMBER:

    Plaintiff,

vs.

JOHN KNOX VILLAGE OF TAMPA BAY,
INC.,

    Defendant.

_____/

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

COMES NOW, Plaintiff, DENIA ANDERSON, by and through the counsel undersigned, and files this Complaint against Defendant, JOHN KNOX VILLAGE OF TAMPA BAY, INC., and in support thereof alleges the following:

**<u>INTRODUCTION</u>**

1.     This action involves a claim for racial discrimination against Defendant, JOHN KNOX VILLAGE OF TAMPA BAY, INC. (hereinafter "JKV" or "Defendant") and is brought by Plaintiff, DENIA ANDERSON (hereinafter, "ANDERSON" or "Plaintiff"), as a former employee.

2.     ANDERSON alleges violations of her civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et. seq.* as amended by the Civil Rights Act of 1991 ("Title VII") and the Florida Civil Rights Act of 1992, §760.01, *et. seq.*, Florida Statutes.

3.      JKV, by and through the unlawful actions of its supervisors, agents and employees, subjected ANDERSON to harassment and a hostile work environment as a result of ANDERSON'S race.

## JURISDICTION, VENUE AND PARTIES

4.      This action arises, in part, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et. seq.* as amended by the Civil Rights Act of 1991 ("Title VII") and the Florida Civil Rights Act of 1992, §760.01, *et. seq.*, Florida Statutes ("FCRA").

5.      This is an action involving a federal question thus invoking the jurisdiction of this Court under 28 U.S.C.A. §1331. This Court also has supplemental jurisdiction over the Florida state law claim alleged herein under 28 U.S.C.A. §1367 (a).

6.      Venue is appropriate in this Court given that the actions forming the basis of this Complaint occurred in Hillsborough County, Florida. 42 U.S.C.A. 2000(e)-5(f)(3).

7.      This Court is vested with jurisdiction to order an injunction, back pay, front pay or any other equitable relief as may be proper, and compensatory and punitive damages, attorneys' fees and costs pursuant to 42 U.S.C.A. 1981(a) , 42 U.S.C.A. §2000e-5(g) and §760.11(5), Florida Statutes.

8.      Plaintiff, DENIA ANDERSON, is an individual residing in Tampa, Hillsborough County, Florida who was formerly employed by JKV.  She is a black American citizen and is thus protected by Title VII and the FCRA. At all times material hereto, Plaintiff was employed by JKV as the Business Office Coordinator in JKV's Home Health Department.

9.      Defendant, JOHN KNOX VILLAGE OF TAMPA BAY, INC., provides retirement home, assisted living, and nursing care to senior citizens living in the Tampa Bay, Florida area. Defendant, JOHN KNOX VILLAGE OF TAMPA BAY, INC., is an "employer" as defined by

42 U.S.C.A. §2000e(b) and §760.02(7), Florida Statutes because it is engaged in an industry affecting commerce and it employs more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

10.    Defendant, JOHN KNOX VILLAGE OF TAMPA BAY, INC., maintained the right to control ANDERSON'S employment conditions, paid ANDERSON'S wages, withheld taxes on her behalf, and provided employment benefits such as health insurance to ANDERSON.

11.    ANDERSON has satisfied any and all administrative conditions precedent to filing of this action as contemplated by §760.11, Florida Statutes given that she filed these charges with the EEOC and has received a Notice of Right to Sue from the EEOC for Charge No. 511-2013-01911.

## GENERAL ALLEGATIONS

12.    Plaintiff, DENIA ANDERSON, began working for Defendant on December 18, 2006 in Defendant's Home Health Department.

13.    In approximately March of 2013 Defendant began downsizing its Home Health Department by making budget cuts.

14.    At that time, Plaintiff was the Business Office Coordinator in the Home Health Department and was responsible for the day-to-day operations in the Clinic/Home Health Department, answering all telephone calls within the JKV clinic/business office, making physician appointments for residents, scheduling medical procedures, and processing the month end billing for all Home Health clients, among other job duties and responsibilities.

15.    Prior to the Defendant's downsizing in March of 2013, Plaintiff had an exemplary job performance records and did not have any history of receiving written or verbal write-ups.

16.    After the Defendant's downsizing in March of 2013, Ellen Koberlein ("Koberlein"), Defendant's Financial Controller, began a campaign, along with Krista Sikes ("Sikes"), Team Resources Director, and Lisa Lyons ("Lyons"), Executive Director, to get Plaintiff fired.

17.    Koberlein, Sikes, and Lyons began scrutinizing Plaintiff's job performance by issuing Plaintiff write-ups which were fabricated, untrue, and outright false in order to create a reason to terminate Plaintiff.

18.    Koberlein, Sikes and Lyons also tried to have Brenda Wallace, the Director of Nursing, participate in the harassing and discriminatory treatment of Plaintiff by coaching her on how to treat Plaintiff poorly and trying to create a trail in order to terminate her.

19.    In or around March of 2013, Koberlein, Sikes, and Lyons implemented a new billing system which was not working properly and blamed Plaintiff for turning in the month end billing late.

20.    Although Plaintiff informed Koberlein, Sikes and Lyons that the new billing system was not working properly she was still given a write-up.

21.    Koberlein, Sikes, and Lyons also harassed Plaintiff about making personal calls on her company issued cellular telephone.

22.    Even though Plaintiff was allowed to make personal calls on her company issued cellular telephone, and had been doing so for the preceding five (5) years without any issues, Koberlein, Sikes, and Lyons continually harassed Plaintiff about making personal calls and gave her a written warning for doing so.

23.    Plaintiff was also written up for not recording all on-call logs even though she was not required to record the on-call logs for the preceding two (2) years.

4

24.    Plaintiff complained to Defendant's Human Resources Department, including Jill Krukland, an employee in Defendant's Human Resources Department, about the ongoing harassment and discrimination that Koberlein, Sikes, and Lyons were conducting against her.

25.    Defendant failed to take any action to address the Plaintiff's complaints about the discriminatory treatment she endured.

26.    In May of 2013, Plaintiff filed a Charge of Discrimination with the EEOC in which she alleged that she was being discriminated against because of her race.

27.    After Plaintiff filed her Charge of Discrimination with the EEOC she was written up for being insubordinate and having poor job performance.

28.    On June 10, 2013, Plaintiff was terminated from her employment with Defendant.

29.    Plaintiff's termination was undertaken in retaliation for Plaintiff's filing of the EEOC charge in May of 2013.

30.    Plaintiff has suffered physically, financially and emotionally as a direct result of the severe and pervasive discrimination and retaliation.

31.    All conditions precedent to the filing of this action have been performed, have occurred or have been waived.

32.    Plaintiff has engaged the services of the undersigned legal counsel and is obligated to pay counsel their fees incurred in the prosecution of this action.

## COUNT I - VIOLATION OF TITLE VII-DISCRIMINATION BASED ON RACE

33.    Plaintiff adopts and realleges paragraphs 1 through 32 as if fully set forth herein.

34.    The actions of Defendant, by and through the conduct of Defendant's agents, employees, supervisors, officers and directors (such persons collectively referred to as "agents" hereinafter) as described herein were based on ANDERSON'S race.

35.   The "terms, conditions and privileges" of ANDERSON'S employment were unreasonably and unjustifiably affected as a result of the hostile work environment created, perpetuated and ratified by Defendant and its agents and Plaintiff's ultimate termination, all of which were in violation of Title VII, 42 U.S.C.A. 2000e (2)(a)(1).

36.   Likewise, Defendant's failure to undertake prompt and remedial action to correct the hostile work environment towards ANDERSON constituted a violation of Title VII.

37.   As a direct, proximate and foreseeable result of Defendant's and its agents' actions, ANDERSON has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries.

38.   The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to ANDERSON'S statutorily protected employment rights, thus entitling ANDERSON to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

39.   The actions of Defendant and its agents make reinstatement ineffective as a make-whole remedy, entitling ANDERSON to front pay in lieu of reinstatement.

**WHEREFORE**, Plaintiff, DENIA ANDERSON, respectfully demands judgment against Defendant, JOHN KNOX VILLAGE OF TAMPA BAY, INC., for front pay in lieu of reinstatement, back pay, compensatory and punitive damages, prejudgment interest, attorneys' fees, costs of this action and such other relief as this Court deems just and proper.

## COUNT II - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## DISCRIMINATION BASED ON RACE

40.     Plaintiff adopts and realleges paragraphs 1 through 32 as if fully set forth herein.

41.     The actions of Defendant and its agents were based on ANDERSON being African-American.

42.     By being subjected to the hostile work environment and ultimate termination as alleged herein, a "term, condition or privilege" of ANDERSON'S employment was adversely affected in violation of §760.10, Florida Statutes as a result of ANDERSON'S race.

43.     The conduct of Defendant and its agents in the form of the failure to take prompt investigative and remedial action to prevent the continuation of the hostile work environment deprived Plaintiff of her statutory civil rights under §760.10, Florida Statutes.

44.     As a direct, proximate and foreseeable result of Defendant's and its agents' actions, ANDERSON has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries.

45.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to ANDERSON'S statutorily protected employment rights under §760.11, Florida Statutes, thus entitling ANDERSON to compensatory damages and punitive damages to punish Defendant for its actions and to deter them, and others, from such actions in the future.

46.     The actions of Defendant and its agents make reinstatement ineffective as a make-whole remedy, entitling ANDERSON to front pay in lieu of reinstatement.

**WHEREFORE**, Plaintiff, DENIA ANDERSON, respectfully demands judgment against Defendant, JOHN KNOX VILLAGE OF TAMPA BAY, INC., for front pay in lieu of reinstatement, back pay, compensatory and punitive damages, prejudgment interest, attorneys' fees, costs of this action and such other relief as this Court deems just and proper.

## COUNT III – RETALIATION IN VIOLATION OF TITLE VII 42 U.S.C. §2000E-3(a)

47. Plaintiff adopts and realleges paragraphs 1 through 32 as if fully set forth herein.

48. ANDERSON engaged in a statutorily protected activity by filing a Charge of Discrimination with the EEOC on May 21, 2013.

49. ANDERSON suffered a materially adverse employment action when she was terminated from her employment with Defendant on or about June 10, 2013.

50. There is a causal connection between the protected activity that ANDERSON engaged in, filing a Charge of Discrimination with the EEOC, and the materially adverse employment action, Defendant's termination of ANDERSON'S employment.

51. Any purported reason by Defendant for the retaliatory treatment of ANDERSON is a mere pretext for retaliation motivated by ANDERSON'S filing of an EEOC Charge of Discrimination against Defendant.

52. ANDERSON has been damaged as a direct and proximate result of Defendant's conduct.

**WHEREFORE**, Plaintiff, DENIA ANDERSON, requests this Honorable Court to:

A. Grant a judgment requiring Defendant to pay to ANDERSON any back wages and back benefits found to be due and owing to her at the time of trial, front pay, compensatory damages in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

8

B.      Grant ANDERSON her costs (including expert fees) and an award of reasonable attorney's fees under Title VII; and

C.      Grant ANDERSON trial by jury and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

53.      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 6th day of August, 2014.

Respectfully submitted,

*/s/ Mitchell L. Feldman, Esq.*
MITCHELL L. FELDMAN, ESQ.
Florida Bar No.: 0080349
mfeldman@ffmlawgroup.com
**FELDMAN MORGADO, P.A.**
501 North Reo Street
Tampa, Florida 33609
Tel:      813-639-9366 / Fax:   813-639-9376
*Attorney(s) for Plaintiff*

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

EXHIBIT

tabbies

**A**

| To: Denia L. Anderson<br>19142 Wood Sage Drive<br>Tampa, FL 33647 | From: Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2013-01911 | Pedro A. Hernandez,<br>Investigator | (813) 202-7938 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination. Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Georgia M. Marchbanks,
Director

MAY 0 8 2014

(Date Mailed)

Enclosures(s)

cc:   Erin G. Jackson, Esq.
      Thompson, Sizemore, Gonzalez & Hearing, P.A.
      One Tampa Center
      201 N. Franklin Street, Suite 639
      Post Office Box 639
      Tampa, FL 33601

      Director of Human Resources
      JOHN KNOX VILLAGE OF TAMPA BAY
      4100 E. Fletcher Avenue
      Tampa, FL 33613